And at this time, we will hear the one motion on calendar, Banerjee v. Sidis & Goldberg. Good morning, your honors. May it please the court. I'm Ted Folkman of Murphy & King. I represent Mr. Banerjee. At the commencement of this case in February 2014, Sidis & Goldberg pleaded that Mr. Banerjee was a citizen of India and that he resided in India. And this wasn't just a passive acceptance of what Mr. Banerjee or members of his family had said. It was an affirmative pleading that it was Sidis & Goldberg's burden to make in order to establish jurisdiction. And it wasn't made in a vacuum. It was made months after the October 2013 investigator's report that's included in the appendix at page 179. And interestingly, that report suggests or purports to show that Mr. Banerjee resided in Pennsylvania. When is this case scheduled for argument?  So this was not a passive acceptance of what Mr. Banerjee said. Rather, it was a necessary allegation for jurisdictional purposes, and it was made in consideration of investigative work that Sidis & Goldberg had done and apparently rejected. Sidis & Goldberg sought leave to serve process by email in June of 2014, and at that time, again, they represented to the court that Mr. Banerjee resided in India. Now, in that paper, they also said that Mr. Banerjee was a U.S. citizen, which is true. And the point I just want to highlight here is that what that suggests is that when they were alleging citizenship in the complaint, they were doing it in the way that one does in a diversity case to mean domicile. So if I say that I'm a citizen of Massachusetts in a complaint for diversity purposes, what I'm saying is my domicile is in Massachusetts, and I suggest to you that that is how you should read the allegation in the complaint. No one recognized the jurisdictional problem. Neither of the parties, Mr. Banerjee was pro se at the time, the court, Sidis & Goldberg. No one recognized the problem that a U.S. citizen who is alleged to reside abroad cannot be a party to a diversity case. Now, on the motion that Mr. Banerjee brought to vacate the judgment, the issue of residence was raised. Mr. Banerjee said, I live in India, and it's improper to serve process by email in India. Sidis & Goldberg's position was, that's a lie. You live with your family in Pennsylvania. So it was really a 180-degree turn, and, of course, that's the first element of the three elements for judicial estoppel that you heard about in the prior case. Now, I do want to note that the key question for jurisdictional purposes is domicile, whereas for service of process purposes, we're really talking about residence. But this is not the kind of case where Sidis & Goldberg can rely on that fine distinction because their case is not maybe you resided there but your domicile wasn't there. Their case is you're a liar and you've been in Pennsylvania for all purposes all along. With respect to Adelphia, I just want to cite two of the statements of the court, which I think are helpful here. The bankruptcy court, according to Adelphia, focused on subjective intent. However, this court said the proper focus is on the objective conduct of a party or its counsel. So we want to look at objectively was the change we're not asking about did they intentionally pull a fast one. It's really a question of objectively did they change their position. And in addition, I want to highlight what the court said about the necessity for something to have been different if the change in position had not happened. And here the court said. Are you saying that constitutional jurisdiction doesn't lie in this case or are you saying statutory jurisdiction doesn't lie in this case? I'm saying statutory jurisdiction does not lie. In statutory jurisdiction, we have often, if we come out the same way, the merits assume statutory jurisdiction and come out that way. We can't do that after Justice Scalia's opinion or its constitutional jurisdiction. But where it is that, why isn't this whole thing better settled by the merits panel? I think it's possible to defer to the merits panel. I just let him look at it altogether as one issue rather than have. I don't object to that, Your Honor. And in fact, I think from a practical perspective, that might avoid a round trip. In other words, suppose you decided that we needed to have a remand. No one wants to do this twice. Thank you, Your Honor. Thank you. I mean, we appreciate your raising it, but I don't doesn't mean we have to decide it. Thank you. Mr. Huntman. Good morning. May it please the Court. Sadis and Goldberg does not believe that this case needs to be remanded because the evidence in the record establishes that Mr. Banerjee lived in Pennsylvania at the time this case was filed. And I want to correct opposing counsel who stated that Sadis and Goldberg's position was that Mr. Banerjee always lived in Pennsylvania. That's not the case. We acknowledge that there was at least some period of time when he resided, was not domiciled, but resided in India. But, however, he had moved back in 2013 to Pennsylvania where his family was. And the details of that aren't necessarily so relevant, but the point is that at the time this case was filed, in February of 2014, he was a Pennsylvania resident. And the reason, you know, we've put, we've shown at the district court level already that evidence was put in, the bulk of it. We've added a little bit here, but the bulk of it was put in the district level that showed that he was domiciled in Pennsylvania. And I think that the best evidence for it is his own words in an answer and counterclaim that he filed in the Court of Common Pleas in Allegheny County in Pennsylvania, where he wrote in regards to a mechanics lien fight. He had been sued. He was counterclaiming. He said, Mr. Schiff severely damaged my newly built home. That's what he put in his counterclaim, my newly built home. He pierced my new plumbing. And he signed it with his name and his wife's name. And he put his address as 1514 Cook School Road, Pittsburgh, Pennsylvania, 15241. So we believe that under Jacobs, under the Jacobs case, the court can look at the facts and make a determination that Mr. Berenge was domiciled in Pennsylvania, deemed the pleadings amended under 28 U.S.C. 1653, and we could go on with this case and eventually find in favor of St. St. Gilbert. On the issue of judicial estoppel, I don't think that there needs to be a great examination into the details of whether the court accepted or made any ruling or made any finding as to domicile, because Mr. Berenge has admitted in his reply brief that St. St. Gilbert's allegation that he lived in India, that he was a citizen of India, was the product of a good faith mistake. And under this court's precedent, as was mentioned earlier in the prior case, under this court's precedent in Simons v. Safelite, if there's a good faith mistake or unintentional error, there could be no judicial estoppel. But even if, for some reason or other, the court didn't want to adopt that, wanted to overrule that ruling in Simons, it would still be the case that there would be no judicial estoppel here because the court below made no finding as to domicile. It never even dealt with domicile. As opposing counsel stated, there was—no one brought it up. No one thought about it. No one considered the issue of domicile, and so the lower court had no occasion to rule on domicile. So for that reason, in addition, there could be no judicial estoppel. There's an issue in this case that's been going on for years and years and years, that Mr. Berenge has been trying to attempt to avoid service because he doesn't want to pay the legal fees that he owes. And Sayers and Goldberg believes that it would be a shame if the court were to remand this back to district court so that we could go through this whole rigmarole again, and he could push off paying his legal fees for years more. He's owed this money since 2009, and it's about time that he paid it. Thank you. Thank you both. We will reserve decision. The final case on calendar is United States v. DeWar. We will take that on submission. Please adjourn court. Court is adjourned.